JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-01204-RGK (FFMx)** | Date | March 12, 2015 |
|---|---|---|---|
| Title | ***CITIMORTGAGE, INC. v. DINSMORE, et al.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   **(IN CHAMBERS) Order Remanding Action to State Court**

On June 23, 2014, CitiMortgage, Inc. ("Plaintiff") filed a Complaint for unlawful detainer and money damages in California Superior Court. The caption of the Complaint states that it is a limited civil case, as the amount demanded does not exceed $10,000. (*See* ECF No. 1 at 27.) On February 19, 2015, Zita Shing Chua ("Defendant"), in pro se, removed the action to federal court on the basis of diversity and federal question jurisdiction.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, *et seq*. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

For this Court to have diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The Complaint states that this case was filed as a limited jurisdiction case, and that the amount demanded is no greater than $10,000. The Complaint seeks damages of $47.37 per day. (ECF No. 1 at 28.) This amounts to $17,290.05 per year, and this case has been pending for less than that time. Since the amount in controversy does not exceed $75,000, this Court does not have diversity jurisdiction.

With regard to federal question jurisdiction, the Court's review of the Complaint shows that Plaintiff raised no federal question therein. Plaintiff's Complaint is a discrete action for unlawful detainer, an action which exclusively invokes authority pursuant to California statute. The Complaint does not set forth any claims arising under the U.S. Constitution, treaties, or laws of the United States

for which the Court would have "original jurisdiction." 28 U.S.C. § 1441(b). Defendant cannot confer jurisdiction upon the Court by attempting to attach a federal question to her Notice of Removal.

For the foregoing reasons, Defendant's removal of this case was improper, and it is hereby **REMANDED** to state court for all further proceedings.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer |  |